IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| MILISSA ANN JOHNSON, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 6:11-CV-008-BI |
| | § | ECF |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed January 31, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits under Titles II and XVI of the Social Security Act (Doc. 1). Plaintiff filed a brief in support of her complaint on September 16, 2011 (Doc. 22). Defendant filed a brief on October 13, 2011 (Doc. 23). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on February 14, 2011 (Doc. 6), and July 27, 2011 (Doc. 17). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

### I. STATEMENT OF THE CASE

Plaintiff filed an application for benefits on December 17, 2007, alleging disability beginning October 1, 2008. Tr. 121. Plaintiff's application was denied initially and upon reconsideration. Tr.

66-73, 78-83. Plaintiff filed a Request for Hearing by Administrative Law Judge on July 24, 2008, and this case came for hearing before the Administrative Law Judge ("ALJ") on March 12, 2009. Tr. 84-85, 25-61. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 26-54. A vocational expert ("VE"), appeared and provided expert testimony. Tr. 54-59. The ALJ issued a decision unfavorable to Plaintiff on June 25, 2009. Tr. 11-24.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 14. The ALJ also noted that disability is defined under the Social Security Act to be the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, or combination of impairments, that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. *Id*. The ALJ noted that Plaintiff remained insured through December 31, 2011. *Id*. As such, disability must be established on or before Plaintiff's last date of insured status to be entitled to a period of disability and disability insurance benefits. Tr. 14.

The ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since May 23, 2006, her alleged onset date. Tr. 16. The ALJ further found that Plaintiff has a "severe" combination of impairments, including fibromyalgia, degenerative disc disease, depression, and obesity. *Id*. The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, specifically indicating his consideration of Sections 1.02, 1.03, and 12.04 of the Listings. Tr. 17. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ discussed Plaintiff's testimony and found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms she alleged. Tr. 18. The ALJ also found that Plaintiff's subjective allegations concerning the intensity, persistence, and limiting effects of these symptoms had only limited credibility insofar as she was not disabled as a result of the limitations imposed by her impairments. Tr. 19. The ALJ indicated that he considered Plaintiff's subjective complaints and compared them with medical evidence of record. Tr. 18-22. The ALJ discussed Plaintiff's testimony and allegations as well as summarized the medical evidence of record. Tr. 21-22. The ALJ found that the level of the subjective pain-related and other physical limitations alleged by the Plaintiff was overstated, albeit unintentionally, and that such allegations were not a reliable measure of her RFC. Tr. 21. The ALJ noted that he observed the Plaintiff carrying a large handbag and moving a "rather heavy" chair without obvious pain or difficulty, at the time of the hearing. *Id.* The ALJ indicated that although Plaintiff may sincerely believe that substantial limitations exist, her testimony was not entirely credible in terms of establishing disability. Tr. 22.

The ALJ also discussed Plaintiff's reports of depression and the medical evidence related to any such mental impairments. Tr. 21-22. The ALJ found that Plaintiff experiences moderate restriction in her daily activities; has mild difficulty maintaining social functioning; has mild deficiencies of concentration, persistence, and pace; and has experienced no episodes of decompensation of extended duration. *Id.*

Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 17-18. The ALJ found that Plaintiff retained the residual functional capacity to do a range of work at the sedentary exertional level, as limited by: no climbing ladders, ropes, or scaffolds; can only occasionally climb ramps or stairs; can occasionally balance, kneel, crouch, or stoop; the inability to crawl; and must avoid hazardous or moving machinery and unguarded heights. Tr. 17. The ALJ found that Plaintiff can understand, remember, and carry out detailed (but not complex) instructions; can make judgments on detailed (but not complex) work-related decisions; and can respond appropriately to supervison, coworkers, and usual work situations. *Id*. The ALJ found that Plaintiff can work full-time at this RFC on a consistent and sustained basis and maintain such employment. *Id*.

The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform Plaintiff's past relevant work as a telephone answering operator, both as she actually performed it and as this job is generally performed in the national economy. Tr. 22-23. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 23-24.

Plaintiff submitted a Request for Review of Hearing Decision/Order which was denied by the Appeals Council on December 7, 2010. Tr. 1-5. The ALJ's decision, therefore, became the final decision of the Commissioner.

On January 31, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work, as she performed it or as generally performed in the national economy. Tr. 23-24.

### III. DISCUSSION

Plaintiff claims that the ALJ's RFC determination is not supported by substantial evidence. Plaintiff specifically argues that the ALJ rejected the opinions of Plaintiff's treating and examining physicians and psychologist as to the degree to which Plaintiff's pain correlates with physical findings; the limitations imposed by the side effects that Plaintiff experiences as a result of her prescribed medications; and that Plaintiff's ability to make personal, social, and occupational adjustments is significantly impaired. Plaintiff also argues that the ALJ erred by failing to include "chronic fatigue" as a severe impairment or include limitations imposed therein in the RFC determination. Plaintiff asserts that the ALJ's RFC assessment is supported only by his lay assessment of the raw medical evidence.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.  Whether the ALJ erred in considering the opinions of the treating and examining physicians and psychologist.**

Plaintiff argues that the ALJ erred by failing consider and give appropriate weight to the opinions of her treating and examining physicians and psychologist and relied upon his own lay review of the medical evidence in formulating the RFC finding. Plaintiff argues that this series of errors led to an RFC determination that was not supported by substantial evidence.

Plaintiff argues that the ALJ erred by failing to recognize "chronic fatigue" as a severe impairment, by failing to determine the limitations imposed by her chronic fatigue, and erred by failing to give appropriate weight to the opinion of Richard D. Trifilo, MD, the consultative medical examiner.

In his opinion, Dr. Trifilo notes that Plaintiff "complains of chronic fatigue," and frequently feels sleepy during the day time and on one occasion, fell asleep while driving. Tr. 215. He indicates that Plaintiff has not specifically been treated for chronic fatigue. *Id*. Dr. Trifio noted Plaintiff's report of being able to accomplish the activities of daily living without assistance, the ability to do housework with frequent breaks (except for sweeping and vacuuming), the ability to stand for 30 minutes, walk for 30 to 45 minutes, can lift 35 pounds, and has full capability of mobility and manipulating objects. Tr. 216. Dr. Trifilo indicated that Plaintiff's pain level does correlate with his physical findings. Tr. 218. He noted Plaintiff's ability to heal and toe walk, squat, and do tandem walking without apparent difficult. *Id*. Dr. Trifilo opined that Plaintiff's morbid obesity did not significantly impair her movements and would not likely inhibit her movement in a typical work environment. *Id*.

Dr. Trifilo noted chronic fatigue among his impressions. Tr. 218. He opined that based upon the physical evidence from his examination, Plaintiff is capable of performing light work activities (such as sit, stand, move about, heard, and speak) and can lift, carry, and handle light weight objects. Tr. 218. He also noted that Plaintiff would likely have difficulty lifting anything over 35 pounds. *Id*.

Plaintiff argues that the ALJ should have fully developed the record as to Plaintiff's reports of chronic fatigue. Plaintiff correctly notes that the ALJ did not directly address "chronic fatigue syndrome" in making either the severity or RFC determinations. However, Dr. Trifilo noted that Plaintiff complained of being chronically tired, requiring naps and feeling sleepy during the day. Tr. 215. Nothing in the record raises the issue of whether Plaintiff had "chronic fatigue syndrome." Dr. Trifilo's report notes that Plaintiff's areas of pain were diagnosed as fibromyalgia. *Id*. He noted that Plaintiff was not treated specifically for her fatigue, nor had she undergone sleep studies. *Id*.

Moreover, Dr. Trifilo opined, based on the objective evidence of his examination, that Plaintiff retained the ability to perform work at the light exertional level. Tr. 218. Dr. Trifilo opined that the that Plaintiff's reports of pain were consistent with his objective findings upon examination and with the ability to perform work at the light exertional level. The RFC determination of the ALJ was more restrictive than that suggested by Dr. Trifilo – the ALJ found that Plaintiff could perform only a limited range of sedentary level work.

In making his credibility determination, the ALJ found that Plaintiff's subjective allegations regarding the limiting effects of her symptoms were not credible only insofar as to the extent to which they are inconsistent with the RFC determination. Tr. 18-19.

The ALJ discussed the marked differences in Plaintiff's reports of her pain, limitations, and activities to Dr. Trifilo and to Dr. Rightmire. The ALJ specifically discussed Plaintiff's reports of her alleged excessive drowsiness, which Plaintiff indicated was a side effect of her medications. Tr. 19, 297. Dr. Rightmire completed a letter indicating Plaintiff's diagnosis with fibromyalgia, hypothyroidism, and a torn disk in her lower spine. Tr. 308. She noted that Plaintiff reports that he is unable to work due to the severity of her pain and the sedation caused by Plaintiff's medications. *Id*. Dr. Rightmire indicated that Plaintiff may not be able to perform an ambulatory job due to her pain and that the sedation caused by her medications might affect Plaintiff's ability to perform work. Tr. 308.

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself

establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

Under some circumstances, a consultative examination is required to develop a full and fair record. 20 C.F.R. § 404.1517. The decision to require such an examination is discretionary. *Jones*, 829 F.2d at 526. A consultative examination for additional testing is required when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on a Social Security disability claim. 20 C.F.R. §§ 404.1519a(b), 416.919a(b). "Isolated comments by a claimant are insufficient, without further support, to raise a suspicion of non-exertional impairment." *Brock*, 84 F.3d at 728.

Clearly, the ALJ has a duty "'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (quoting *Newton*, 209 F.3d at 458). The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). The court may not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (citing *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996)). In order to establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Carey*, 230 F.3d at 142 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). This court will not reverse for a failure to develop the record unless Plaintiff can show that she was prejudiced as a result.

The record does not indicate that the ALJ erred by failing to further develop the record as to Plaintiff's chronic fatigue. None of Plaintiff's medical treatment providers indicated that she had "chronic fatigue syndrome." Dr. Trifilo noted that Plaintiff was not being treated specifically for her

fatigue. Indeed, Dr. Rightmire indicated that Plaintiff's sedation and sleepiness was possible a side effect of her medications. Plaintiff herself asserts that the side effects caused by her, including fatigue and sedation, interfered with her ability to perform work activity. Plaintiff's symptoms of sedation and fatigue were addressed by the ALJ. Dr. Trifilo opined that despite Plaintiff's pain and sleepiness, she retained the ability to perform work at the light exertional level. The ALJ found Plaintiff more limited than Dr. Trifilo did.

The evidence of record did not put the ALJ on notice that any further development of the record was necessary regarding her chronic fatigue. The ALJ's duty to investigate "does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record." *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). Moreover, the ALJ did not err by failing to give appropriate weight to Dr. Trifilo's opinion that Plaintiff's pain was consistent with the objective medical findings upon examination given that the ALJ found that Plaintiff's RFC was more limited than Dr. Trifilo suggested. Even if error was committed, any such error was harmless.

Plaintiff argues that the ALJ erred by failing to give appropriate weight to the opinion of Dr. Rightmire, a treating physician, as to the sedative side effects of Plaintiff's medications.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). However, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is

unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Moreover, "[a]mong the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (citing 20 C.F.R. § 404.1527(e)(1)).

Dr. Rightmire indicated that the reports of limitations imposed by sedative side effects of Plaintiff's medication were based on Plaintiff's subjective reports. The ALJ noted that Dr. Rightmire's assessment "cannot be given any probative weight because it is not based on objective clinical findings or the results of diagnostic laboratory techniques." Tr. 20. Dr. Rightmire's assessment and letter, which the doctor noted were based on Plaintiff's reports and subjective allegations, were thus appropriately discounted by the ALJ. The ALJ nevertheless included limitations on work involving hazardouse or moving machinery and unguarded heights. Tr. 17.

Plaintiff argues that the ALJ erred by failing to adequately consider her pain in formulating the RFC assessment. The ALJ noted that Plaintiff's pain may cause some functional loss in the amount of time Plaintiff spends walking and standing. Tr. 21. The ALJ discussed Plaintiff's daily activities, the medical evidence of record, and observations of her behavior, both during the consultative mental status examination and his personal observations at the time of the hearing. The ALJ ultimately found that Plaintiff's RFC was *more* limited than Dr. Trifilo suggested, even though Dr. Trifilo opined that Plaintiff's pain was consistent with his objective findings upon examination.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be

weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The court finds that the ALJ did not err in evaluating Plaintiff complaints of medication side-effects or pain, and did not err in weighing the letter and assessment of Dr. Rightmire.

Plaintiff argues that the ALJ erred by rejecting the opinion of examining psychologist Chris Rudolph, Ph.D., that her ability to make personal, social, and occupational adjustments was significantly impaired. Dr. Rudolph completed a consultative psychological examination on June 16, 2008. Tr. 318-323.

In his report of the examination, Dr. Rudolph noted that Plaintiff did not demonstrate any anxiety, had no apparent problems comprehending and following the coversation and answering questions. Tr. 318. Dr. Rudolph indicated that Plaintiff's diagnosis on Axis I[1] was major depressive disorder, recurrent, severe, without psychotic features. Tr. 322. Dr. Rudolph opined that Plaintiff

---

[1] The axial system of evaluation enables the clinician to comprehensively and systematically evaluate a client. *See generally, American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) at 25-30 ("DSM-IV").

had a Global Assessment of Functioning ("GAF")[2] score of 50 on Axis V[3]. Tr. 322. He opined that Plaintiff's prognosis was guarded, and that her ability to make personal, social, and occupational adjustments is significantly impaired. *Id.*

As an initial matter, the court notes that the psychological consultative examiner's opinion of Plaintiff's GAF score of 50 does not represent a medical opinion regarding any specific limitations imposed by Plaintiff's mental impairment(s). Rather, it represents a tool he used in the course of his examination, diagnosis, and treatment. In any case, "[w]hile a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). The GAF is a diagnostic tool; a medical opinion as to a claimant's GAF is not automatically reflected in any RFC finding, nor does any particular GAF score necessarily correlate to specific limitations imposed by a claimant's mental impairment(s). The ALJ noted in his decision the findings of Dr. Rudolph upon examination in making his mental functional capacity assessment. Tr. 22. The ALJ found moderate restriction of Plaintiff's daily activities, noting her reports of attending church when she can and performing household tasks and caring for her personal hygiene. Tr. 21-22. The ALJ found that Plaintiff had a mild difficulty maintaining social functioning, noting her reports of getting along fine with people, having no problems going out, having close friends, and attending church and school functions. Tr. 22. The ALJ found mild deficiencies of concentration, persistence, and pace. Tr. 22. The ALJ

---

[2] The GAF score on Axis V is for reporting the client's "psychological, social, and occupational functioning." *See American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) at 32. This report of overall functioning is noted to be "useful in planning treatment and measuring its impact, and in predicting outcome." *Id.*

[3] A GAF of 41 to 50 indicates "serious symptoms" or "any serious impairment in social, occupational, or school functioning. *American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) at 324.

noted that the evidence did not indicate any episodes of decompensation of extended duration. *Id.* In making each of these findings, the ALJ cited to evidence from Dr. Rudolph's report. *Id*. The ALJ correctly noted that Dr. Rightmire indicated in her progress report that antidepressants can help relieve the symptoms of fibromyalgia. Tr. 22. The record demonstrates that although the ALJ did not specifically cite to Dr. Rudolph's opinion as to prognosis, the ALJ appropriately considered Dr. Rudolph's findings upon examination and cited to these findings in completing the mental functional capacity assessment. The record further demonstrates that the ALJ correctly conformed to the procedure set forth in Section 12.00 of the Listing of Impairments in evaluating Plaintiff's mental residual functional capacity. This assessment is consistent with Dr. Rudolph's findings upon examination. The court finds that the ALJ did not err in weighing and evaluating the opinion of the consultative psychological examiner.

Plaintiff argues that the ALJ's RFC determination is unsupported by more than the ALJ's own lay assessment of the raw medical evidence, which constitutes prejudicial error. However, as noted above, the ALJ extensively discussed the medical evidence of record. His RFC determination is supported by the evidence of record, including the prognosis notes and records of examination by Plaintiff's treating and examining physicians and mental health providers. Given that the ALJ's RFC finding is more restrictive than that suggested by Dr. Trifilo, it is clear that Plaintiff has suffered no prejudice. The ALJ appropriately rejected the nonmedical opinions of disability as well as the opinions based on Plaintiff's subjective reports and lacking support by objective medical evidence or findings. The ALJ appropriately incorporated the specific findings by Dr. Rudolph into his mental residual functional capacity assessment, and was not required to incorporate the GAF score assigned by Dr. Rudolph or his opinion as to prognosis, into the RFC finding as limitations. The ALJ was not

-15-

required to separately incorporate limitations into his opinion resulting from Plaintiff's chronic fatigue, nor was he required to further the develop the record regarding "chronic fatigue syndrome."

The ALJ's RFC determination is supported by medical evidence of record; the ALJ did not rely only upon his own lay interpretation of the medical data. Indeed, both the RFC and the ALJ opinion are supported by substantial evidence and no prejudicial error was committed by the ALJ.

## IV.     CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed January 31, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 28th day of September, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**